Louis Pechman
Washcarina Martinez Alonzo
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
martinez@pechmanlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

RAFAEL ESPINAL and SERGIO ZEFERINO
GALLARDO,

                      Plaintiffs,

       -against-

SLD DELI GRILL INC. d/b/a GRACIE'S CAFÉ,
MICHAEL KREATSOULAS, LAMBROS
KREATSOULAS, and STEVEN KREATSOULAS,

                      Defendants.

**COMPLAINT**

---------------------------------------------------------------X

       Plaintiffs Rafael Espinal and Sergio Zeferino Gallardo by their attorneys Pechman Law Group PLLC, complaining of defendants SLD Deli Grill Inc. d/b/a Gracie's Café, Michael Kreatsoulas, Lambros Kreatsoulas, and Steven Kreatsoulas (collectively, "defendants"), allege:

## NATURE OF THE ACTION

       1.     This action is brought to recover unpaid minimum wages, overtime compensation, spread-of-hours pay, and misappropriated tips pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law § 190, *et seq.* ("NYLL").

2.      Gracie's Café is a diner located at 1530 York Avenue, New York, NY 10028. At all times relevant, Gracie's Café has been owned, operated, and controlled by SLD Deli Grill Inc., Michael Kreatsoulas, Lambros Kreatsoulas, and Steven Kreatsoulas.

3.      At all times relevant, defendants paid plaintiffs an hourly rate that fell below the minimum wage as required by the FLSA and NYLL.

4.      Defendants failed to pay plaintiffs at the full statutory minimum wage, instead paying them five, and most recently six dollars per hour for all hours worked. Defendants did not satisfy the strict requirements under the FLSA and the NYLL, entitling them to take a tip credit and pay a reduced minimum wage.

5.      Defendants also maintained a policy and practice that denied plaintiffs the appropriate overtime compensation by paying them straight time for all hours worked including those worked in excess of forty per workweek.

6.      Defendants required plaintiffs to purchase materials from third parties, at their own expense and without reimbursement, to carry out their assigned work duties.

7.      Defendants stopped accepting tips from customers on credit or debit cards, in or about, November 2014.

8.      When customers paid additional money on the their cards, the difference which was to be given to plaintiffs as tips, defendants did not forward these tips to plaintiffs.

9.      Defendants misappropriated plaintiffs' tips.

10.     Defendants failed to pay spread-of-hours pay.

11.     Defendants also failed to furnish to plaintiffs annual wage notices and accurate wage statements.  In fact, for most of plaintiffs' employment, defendants paid plaintiffs with weekly cash payments without providing any form of wage statement.

12.     Plaintiffs seek compensation for unpaid minimum wages and overtime pay, unpaid spread-of-hours pay, reimbursement for work-related expenses, misappropriated tips, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

### JURISDICTION

13.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

### VENUE

14.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as all events relevant to this action occurred in Gracie's Cafe, which is located in the Southern District of New York.

### THE PARTIES

**Plaintiffs**

15.     Rafael Espinal ("Espinal") resides in Queens, New York.

16.     Espinal was employed at Gracie's Cafe from September 2013 until July 7, 2015.

17.     Espinal is a covered employee within the meaning of the FLSA and the NYLL.

18.     Sergio Zeferino Gallardo ("Zeferino") resides in New York, New York.

19.     Zeferino was employed at Gracie's Cafe from April 8, 2012 through August 9, 2015.

20.     Zeferino is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

21.     SLD Deli Grill Inc. is a New York corporation that owns and operates Gracie's Café.

22.     Defendant SLD Deli Grill Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

23.     Defendant SLD Deli Grill Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24.     Defendant SLD Deli Grill Inc. has an annual gross volume of sales in excess of $500,000.

25.     Defendant Michael Kreatsoulas is an owner of SLD Deli Grill Inc.

26.     Michael Kreatsoulas exercises sufficient control over Gracie's Café's operations to be considered plaintiffs' employer under the FLSA and NYLL.

27.     At all relevant times, Michael Kreatsoulas had power over personnel decisions at SLD Deli Grill Inc., including the power to discipline employees, hire and fire employees, set their wages, set employee schedules, and otherwise control the terms and conditions of their employment.

28.     Michael Kreatsoulas hired plaintiff Espinal.

29.     Defendant Lambros Kreatsoulas is an owner of SLD Deli Grill Inc.

30.     Lambros Kreatsoulas exercises sufficient control over Gracie's Café's operations to be considered plaintiffs' employer under the FLSA and NYLL.

31.     At all relevant times, Lambros Kreatsoulas had power over personnel decisions at SLD Deli Grill Inc., including the power to discipline employees, hire and fire employees, set their wages, set employee schedules, and otherwise control the terms and conditions of their employment. For example, Espinal asked Lambros

4

Kreatsoulas for a pay increase which was denied. He was also the person that Espinal reported to in the event of an issue with other co-workers or with his assigned duties.

32.     Defendant Steven Kreatsoulas is an owner of SLD Deli Grill Inc.

33.     Steven Kreatsoulas exercises sufficient control over Gracie's Café's operations to be considered plaintiffs' employer under the FLSA and NYLL.

34.     At all relevant times, Steven Kreatsoulas had power over personnel decisions at SLD Deli Grill Inc., including the power to discipline employees, hire and fire employees, set their wages, set employee schedules, and otherwise control the terms and conditions of their employment. For example, Steven Kreatsoulas determined what specials would be transported and delivered to Gracie's Café, and directed Espinal and Zeferino to transport them to Gracie's Café.  Steven Kreatsoulas also regularly disciplined employees and was regularly present at the restaurant directing and monitoring employees.

## PLAINTIFFS' FACTUAL ALLEGATIONS

### Rafael Espinal

35.     Throughout his employment, defendants did not pay Espinal the statutory minimum wage, overtime compensation, or spread-of-hours pay.

36.     Defendants hired Espinal as a delivery person and dishwasher.

37.     From September 2013 through September 2014, Espinal worked as a delivery person and dishwasher six days per week.

38.     Beginning in approximately September 2014, Espinal also worked as a busboy. During this time, Espinal was employed as a delivery person and dishwasher four days per week, and as a busboy two days per week.

39.     From September 2013 through mid-June 2015, Espinal worked from 12:00 p.m. to 10:00 p.m. two days per week, and from 10:00 a.m. to 10:00 p.m. four days per week, totaling approximately sixty-eight hours per week.

40.     From mid-June, 2015 through July 7, 2015, Espinal worked from 12:00 p.m. to 10:00 p.m. one day per week, from 10:00 a.m. to 8:00 p.m. one day per week, and from 10:00 a.m. to 10:00 p.m. three days per week, totaling approximately fifty-six hours per week.

41.     Defendants paid Espinal an hourly rate of five dollars for all hours worked, including those over forty per week.

42.     Espinal also received gratuities from customers.

43.     Defendants did not provide Espinal with notification of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL, or their intent to apply a tip credit to his wages.

44.     As a result, defendants are not entitled to reduce the minimum wages of Espinal by applying the tip credit allowance that is available under the FLSA and NYLL.

45.     Defendants failed to pay Espinal the statutory minimum wage.

46.     Defendants failed to pay Espinal the proper overtime wages for all hours that he worked in excess of forty each week.

47.     Defendants required Espinal to regularly work shifts that spanned over ten hours per day.

48.     Defendants did not pay Espinal the spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which his shift spanned more than ten hours.

49.     Defendants failed to furnish Espinal with annual wage notices.

50.     Defendants failed to furnish Espinal with accurate statements of wages, hours worked, rates paid, and gross wages.

51.     Defendants required Espinal to purchase materials from third parties to complete his work, including a busboy uniform, a bicycle, a lock, a basket, a vest, bicycle lights, and a helmet, totaling approximately $980—and did not reimburse Espinal for these work-related expenses.

**Sergio Zeferino Gallardo**

52.     Throughout his employment, defendants did not pay Zeferino the statutory minimum wage, overtime compensation, or spread-of-hours pay.

53.     Defendants employed Zeferino as a delivery person and as a dishwasher.

54.     From April 8, 2012 through November 2014, Zeferino worked from 12:00 p.m. to 10:00 p.m. two days per week, and from 10:00 a.m. to 10:00 p.m. four days per week, totaling approximately sixty-eight hours per week.

55.     From December 2014 through July 7, 2015, Zeferino worked from 12:00 p.m. to 10:00 p.m. two days per week, from 10:00 a.m. to 10:00 p.m. four days per week, and from 6:00 a.m. to 4:00 p.m. one day per week, totaling approximately seventy-eight hours per week.

56.     From July 8, 2015 through August 9, 2015, Zeferino worked from 12:00 p.m. to 10:00 p.m. two days per week, from 10:00 a.m. to 10:00 p.m. three days per week, and from 6:00 a.m. to 4:00 p.m. one day per week, totaling approximately sixty-six hours per week.

57.     From April 8, 2012 through June 2015, defendants paid Zeferino an hourly rate of five dollars for all hours worked, including those over forty per week.

58.      From July 2015 through August 9, 2015, defendants paid Zeferino an hourly rate of six dollars for all hours worked, including those over forty per week.

59.     Zeferino also received gratuities from customers.

60.     Defendants did not provide Zeferino with notification of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL, or their intent to apply a tip credit to his wages.

61.     As a result, defendants are not entitled to reduce the minimum wages of Zeferino by applying the tip credit allowance that is available under the FLSA and NYLL.

62.     Defendants failed to pay Zeferino the statutory minimum wage.

63.     Defendants failed to pay Zeferino the proper overtime wages for all hours that he worked in excess of forty each week.

64.     Defendants required Zeferino to regularly work shifts that spanned over ten hours per day.

65.     Defendants did not pay Zeferino the spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which his shift spanned more than ten hours.

66.     Defendants failed to furnish Zeferino with annual wage notices.

67.     Defendants failed to furnish Zeferino with accurate statements of wages, hours worked, rates paid, and gross wages at the end of each pay period.

68.     Defendants required Zeferino to purchase materials from third parties to complete his work, including a bicycle, a lock, a basket, a vest, bicycle lights, and a helmet, totaling approximately $520—and did not reimburse Zeferino for these work-related expenses.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

69.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

70.     The FLSA requires that employers pay employees a minimum wage for all hours worked.

71.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiffs.

72.     Defendants failed to pay plaintiffs the minimum wages to which they were entitled under the FLSA.

73.     Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because Defendants were required to but failed to inform plaintiffs of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

74.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

75.     As a result of defendants' willful violations of the FLSA, plaintiffs suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

76.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

77.     The NYLL requires that employers pay employees a minimum wage for all hours worked.

78.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiffs.

79.     Defendants failed to pay plaintiffs the minimum wages to which they are entitled under the NYLL.

80.     Defendants were required to pay plaintiffs the full minimum wage to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

81.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs the minimum hourly wage.

82.     As a result of defendants' violations of the NYLL, plaintiffs are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre- and post-judgment interest.

### THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

83.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

84.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs overtime wages for all the hours they worked in excess of forty in a workweek.

85.     Defendants have not made a good faith effort to comply with the FLSA with respect to plaintiffs' compensation.

86.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

87.     Due to defendants' violations of the FLSA, plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

88.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

89.     Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs one and one (1½) half times the regular rate of pay for all hours worked in excess of forty per workweek.

90.     Defendants have failed to pay plaintiffs the overtime wages to which they were entitled under the NYLL.

91.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs overtime wages.

92.     Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### FIFTH CLAIM
### (New York Labor Law – Unlawful Deductions)

93.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

94.     New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

11

95.     Defendants have willfully violated the NYLL and supporting New York State Department of Labor Regulations by knowingly and intentionally requiring plaintiffs to purchase and maintain bicycles and accessories to be used during the course of their employment.

96.     Through their knowing or intentional efforts to require plaintiffs to make payments by separate transaction, when such payments were not permitted as deductions under NYLL, Article 6, § 193, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

97.     NYLL § 196-d prohibits any employer or his agents from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

98.     Defendants demanded or accepted, directly or indirectly, or retained a portion of gratuities belonging to plaintiffs.

99.     Defendants have been agents or officers of a corporation within the meaning of NYLL, Article 6, § 196-d and the supporting NYDOL regulations.

100.    By defendants' knowing or intentional demand for, acceptance, and/or retention of gratuities paid by customers for plaintiffs, defendants have willfully violated NYLL, Article 6, § 196-d and its supporting NYDOL Regulations.

101.    As a result of defendants' willful violations of the NYLL, plaintiffs are entitled to recover from defendants payments made by separate transaction for required work materials, misappropriated tips, reasonable attorneys' fees, liquidated damages and pre- and post-judgment interest.

## SIXTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

102.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

103.    Defendants did not pay plaintiffs the required spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which their shift spaned more than ten hours.

104.    Defendants willfully failed to pay plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

105.    By defendants' failure to pay plaintiffs spread-of-hours pay, defendants willfully violated the NYLL Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, 146-1.6.

106.    Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SEVENTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

107.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

108.    The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.  From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers

to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

109.    The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

110.    Throughout plaintiffs' employment with defendants, defendants paid plaintiffs without providing a wage statement accurately listing: the regular rate, the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

111.    In violation of NYLL § 191, defendants failed to furnish to plaintiffs at the time of hiring, whenever there was a change to plaintiffs' rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

112.    Defendants failed to furnish plaintiffs with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates

14

of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

113.    Due to defendants' violation of NYLL § 195(1), plaintiffs are entitled to recover from defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

114.    Due to defendants' violation of NYLL § 195(3), plaintiffs are entitled to recover from defendants liquidated damages of $250 per work day that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

a.    declaring that defendants have violated the minimum wage provisions of the FLSA and the NYLL;

b.    declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

c.    declaring that defendants have violated the spread-of-hours provisions of the NYLL;

d.    declaring that defendants violated the notice provisions of the NYLL and WTPA;

e.    declaring that defendants violated the NYLL by unlawfully misappropriating tips and deducting amounts from plaintiffs' wages by separate transaction;

15

      f.     declaring that defendants' violations of the FLSA and NYLL were willful;

      g.     disgorging from defendants and order that the defendants remit back the amount of misappropriated tips and unlawful deductions deducted from the wages of plaintiffs;

      h.     awarding plaintiffs damages for the difference between the full hourly wage as mandated by the FLSA and the NYLL, and the hourly wages actually paid to the plaintiffs for the hours they worked;

      i.     awarding plaintiffs damages for unpaid overtime wages;

      j.     awarding plaintiffs damages for unpaid spread-of-hours compensation;

      k.     awarding plaintiffs liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and NYLL;

      l.     awarding plaintiffs reasonable attorneys' fees and costs, and interest pursuant to the FLSA and the NYLL; and

m.     awarding such other and further relief as the Court deems just and

proper.

Dated:     New York, New York
           April 11, 2016

PECHMAN LAW GROUP PLLC

By: _____
    Louis Pechman
    Washcarina Martinez Alonzo
    Pechman Law Group PLLC
    488 Madison Avenue - 11th Floor
    New York, New York 10022
    (212) 583-9500
    pechman@pechmanlaw.com
    martinez@pechmanlaw.com
    *Attorneys for Plaintiffs*